**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANNETTE DAVIS,**

                **Plaintiff,**                5:12-cv-641
                                                             (GLS)

           v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social
Security,[1]

                **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinsky Law Group                KAREN S. SOUTHWICK, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    SANDRA M. GROSSFELD
United States Attorney           Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Dannette Davis challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Davis' arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## II. Background

On January 31, 2002, Davis filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since August 24, 2001. (*See* Tr.[2] at 15, 24.)[3] After the applications were denied, Davis requested a hearing before an Administrative Law Judge (ALJ), which was

---

[2] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 9.)

[3] Although it is clear from the record that Davis applied for SSI and DIB, the applications are not contained in the Administrative Transcript.

2

held on August 12 and October 28, 2003 before ALJ Alfred Tyminski. (*See id.* at 25-31, 438-80.) Subsequently, ALJ Tyminski issued an unfavorable decision and found that Davis was not disabled. (*See id*. at 12-23.) After the Appeals Council's subsequent denial of review, Davis commenced an action in Federal District Court and, on consent of the parties, the matter was remanded for further administrative proceedings. (*See id.* at 6-8, 875-77.)[4] Thereafter, the Appeals Council again remanded the case for a new hearing, which was conducted before ALJ Joseph Medicis. (*See id.* at 878-82, 1115-42.) On May 30, 2007, ALJ Medicis issued a partially favorable decision, finding Davis disabled as of June 3, 2003. (*See id.* at 1009-19.) At Davis' request, the Social Security Administration Appeals Council remanded the case to ALJ Bruce Fein (hereinafter "the ALJ"), who, upon reconsideration, again partially denied Davis' claim. (*See id.* at 486-502, 1020-37.) This became the Commissioner's final determination upon the Appeals Council's denial of review. (*See id.* at 481-83.)[5]

---

[4] While her appeal of ALJ Tyminski's unfavorable decision was pending, Davis filed another application for disability benefits. (*See* Tr. at 503, 543-46.) In a determination issued in July 2005, the Commissioner approved that application, finding a disability onset date of January 21, 2004, the date after ALJ Tyminski's denial of her first set of applications. (*See id.* at 1105-14.) Thus, the period at issue here is August 24, 2001 to January 20, 2004. (*See id.* at 491; Dkt. No. 11 at 3.)

[5] Notably, the Appeals Council did not consider the ALJ's October 2011 decision, but rather, denied review because Davis failed to file written exceptions, or request an extension of

3

Davis commenced the present action by filing her Complaint on April 13, 2012 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 8, 9.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 11, 18.)

### III. Contentions

Davis contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 11 at 13-21.) Specifically, Davis claims that the ALJ erred in: (1) determining her residual functional capacity (RFC); (2) evaluating her credibility; and (3) finding that there were jobs in the national economy that she could perform. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 18 at 7-16.)

### IV. Facts

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 11 at 3-11; Dkt. No. 18 at 1.)

---

time in which to submit exceptions, within thirty days of receipt of the ALJ's decision. (*See* Tr. at 481-83.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[6] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. RFC Determination

Among other arguments, Davis contends that the ALJ's RFC determination is unsupported by substantial evidence because the ALJ failed to weigh the opinions of treating physicians George Mtanos and Harminder Grewal. (*See* Dkt. No. 11 at 13-16.) Further, Davis argues that the ALJ failed to follow the treating physician rule with respect to the opinions of treating physician Fatme Allam and treating psychiatrist Adekola Alao. (*See id.* at 16-18.) The court agrees with Davis that

---

[6] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the Regulations governing SSI are omitted.

remand is necessary.

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[7] in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ determined that, during the period of August 24, 2001 until June 3, 2003, Davis retained the RFC to perform light work requiring simple tasks and instructions. (*See* Tr. at 497.) According to the ALJ, Davis became disabled on June 4, 2003. (*See id.*) The ALJ based his decision on the February 2002 opinions of consultative examiners Kalyani Ganesh and Jeanne Shapiro as well as the March 2002 opinion of medical consultant Allan Hochberg. (*See id.*) The ALJ relied on Dr. Mtanos' treatment notes from June 4, 2003, in which he opined that Davis would

---

[7] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

find it hard to return to work due to her lupus symptoms, to establish her disability onset date. (*See id.* at 498.) The ALJ also gave "[e]videntiary weight" to the opinions of Dr. Alao with respect to Davis' mental health impairments, "but not to the statement that the effect of the symptoms were the same on August 24, 2001" as on the date of her assessment. (*Id.* at 499.) The ALJ explained that Dr. Alao did not treat Davis throughout the entire relevant period, her opinion was given on a questionnaire without other choices available for the onset date, and the questionnaires were prepared in retrospect at a point significantly remote from the period under consideration. (*See id.*) The ALJ gave "[n]o evidentiary weight" to the opinion of Dr. Allam, who first treated Davis for lupus on March 30, 2004. (*Id.*)

Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and

7

extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. 20 C.F.R. § 404.1527(c)(2)-(6). The ALJ must provide "'good reasons' for the weight given to the treating source's opinion." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted). "Nevertheless, where 'the evidence of record permits [the court] to glean the rationale of an ALJ's decision,'" it is not necessary that the ALJ "'have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.'" *Id*. (citation omitted). Notably, "remand is unnecessary, even if the ALJ ignores a treating physician's opinion, when the opinion is essentially duplicative of evidence considered by the ALJ, and the report that the ALJ overlooked was not significantly more favorable to the plaintiff." *Seekins v. Astrue*, Civil No. 3:11CV00264, 2012 WL 4471266, at *5 (D. Conn. Aug. 14, 2012) (citing *Zabala v. Astrue*, 595 F.3d 404, 409-10 (2d Cir. 2010)). Where discussion of an omitted medical report "would not have changed the outcome of the ALJ's decision," such omission constitutes "harmless error." *Walzer v. Chater*, No. 93 Civ. 6240, 1995 WL 791963, at *9 (S.D.N.Y. Sept. 26,

1995).

Davis contends that remand is required because the ALJ failed to consider Dr. Mtanos' opinion, rendered on January 30, 2002, that Davis was totally disabled until May 1, 2002. (*See* Tr. at 125-26.) Further, on September 17, 2002, Dr. Mtanos stated that Davis was "currently totally disabled." (*Id.* at 167.) In addition, the ALJ failed to consider the opinion of Dr. Grewal, on September 29, 2011, that Davis could sit for less than two hours and stand/walk for less than two hours of an eight-hour day. (*See id.* at 1101-04.) According to Dr. Grewal, Davis could rarely lift less than ten pounds, never stoop/bend, and rarely use her fingers for fine manipulations. (*See id.* at 1102.) In addition, Davis would be off task due to her impairments more than twenty percent of the time, and absent from work more than four days per month. (*See id.* at 1103-04.) Finally, Dr. Grewal stated that she had treated Davis monthly since 2001, and her limitations existed and persisted to the same degree since at least August 24, 2001. (*See id.* at 1104.)

The Commissioner contends that the ALJ's failure to consider Dr. Mtanos' January and September 2002 opinions was harmless error because the ultimate finding of disability is a matter reserved to the

9

Commissioner.  (*See* Dkt. No. 18 at 8.)  Further, according to the Commissioner, the indication that Davis was temporarily disabled implies that she could work under the Regulations, which require that a claimant's disability last, or be expected to last, for a continuous period of at least twelve months.  (*See id.* at 8-9.)  In addition, the Commissioner argues that, like the other retrospective evidence of record, Dr. Grewal's opinion was not entitled to controlling weight because it was "not reliant for the relevant period."  (*Id.* at 11.)

Contrary to the Commissioner's argument, the ALJ should have weighed the January and September 2002 opinions of Dr. Mtanos, as instructed by the Appeals Council on remand.  (*See* Tr. at 1035-36.)  Inexplicably, the ALJ relied on Dr. Mtanos' statement in June 2003 that Davis would have difficulty working, without considering his earlier statements that she could not work.  (*See id.* at 498.)  Further, the ALJ's failure to consider the opinion of Dr. Grewal is not supported by his reasoning for discounting the opinion of Dr. Allam.  (*See id.* at 499.)  Specifically, the ALJ failed to give any weight to the opinion of Dr. Allam because she had not treated Davis during the relevant time period.  (*See id.*)  However, on her medical source statement, Dr. Grewal reported that

10

she had treated Davis monthly since 2001. (*See id.* at 1101.) As the omitted report was not duplicative, or less favorable to Davis, it cannot be said that application of the correct legal principles to the record could lead to only one conclusion. *See Seekins*, 2012 WL 4471266, at *5. As such, remand is required.

## B. Remaining Findings and Conclusions

In light of the court's decision to remand for further administrative proceedings, it need not review the remainder of the ALJ's decision to determine if it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 10, 2013
Albany, New York